UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HULBERT<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NA<br><br>&<br><br>ENCORE RECEIVABLE MANAGEMENT, INC.<br><br>Defendants | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, John Hulbert, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, John Hulbert, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendants conduct business in the District and maintain primary office locations in this District.

### III. PARTIES

4. Plaintiff, John Hulbert, is an adult natural person residing at 4614 Waters Edge Lane, NW, Acworth, GA 30101. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bank of America, NA, ("Defendant"), is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. They are also engaged in the business of collection on said credit cards in the Commonwealth of Pennsylvania and the State of Georgia with a principal place of business located at 2900 South Eagle Road, Newtown, PA 18940.

6. Defendant, Encore Receivable Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with a primary office located at 400 North Rogers Road, Olathe, KS 66062-1212 and an office located at 2704 Commerce Drive, Harrisburg, PA 17110.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. On or about November 18, 2010, Plaintiff along with the aid of his

personal legal counsel entered into a settlement agreement with the Defendant, Encore, to satisfy an account allegedly owed to Defendant, Bank of America.

9. Plaintiff's original balance of $23,320.83 was settled with Defendant, Encore, for $8,000.00. **See "EXHIBIT A" (settlement letter) attached hereto**.

10. Plaintiff agreed to an initial payment of $3,000.00 due immediately followed by eight (8) payments of $625.00 due on the thirtieth (30th) of each month until the balance was paid in full.

11. On or about December 1, 2010, Plaintiff issued the first payment in the amount of $3.000.00 to Defendant, Encore.

12. On or about December 3, 2010, Defendant, Encore, received and accepted payment.

13. On or about December 20, 2010, Plaintiff issued the second payment of $625.00 to Defendant, Encore.

14. Plaintiff's second payment issued to Defendant, Encore, never cleared.

15. On or about March 1, 2011, Plaintiff's attorney was informed that the account was no longer with Defendant, Encore, and that Defendant, Bank of America, had now sold the account to CollectCorp Corporation.

16. Plaintiff's attorney called Defendant, Bank of America, directly to remind them that the Plaintiff was involved in a settlement agreement with Defendant, Encore, and asked why Defendant, Bank of America, would sell the account when all of the payments were being made as agreed upon.

17. Defendant, Bank of America, would only tell Plaintiff's attorney that the account had been recalled and that the settlement agreement would now be voided.

18. Defendant, Bank of America, stated that it didn't matter that payments were already made, the settlement would have to be reworked.

19. Defendant, Encore, has never returned the Plaintiff's initial payment of $3,000.00.

20. Defendant, Encore, and Defendant, Bank of America, were in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement and then revoked that agreement at no fault of the Plaintiff.

21. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. To date, Plaintiff has only received one call from CollectCorp Corporation, who is now attempting to collect, $23,320.83, which is the full original balanced allegedly owed to Defendant, Bank of America.

23. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

### Plaintiff v. Encore Receivable Management, Inc.

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

>§§ 1692d    Any conduct the natural consequence of which is to harass, oppress or abuse any person

| | | |
|---|---|---|
| | §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Encore Receivable Management, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II - CIVIL CONSPIRACY

### Plaintiff v.

### Bank of America, NA & Encore Receivable Management, Inc.

31. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 27, inclusive, of this complaint as though fully set forth herein.

32. Plaintiff is informed and believes and therein alleges that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

33. The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

34. Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

35. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

36. As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

## COUNT III

## BREACH OF CONTRACT

### Plaintiff v. Bank of America, NA & Encore Receivable Management, Inc.

37. The above paragraphs are hereby incorporated herein by reference.

38. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

39. Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Bank of America, NA & Encore Receivable Management, Inc., for the following:

    a. Actual damages;

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: April 12, 2011**        BY:   **/s/Bruce K. Warren BKW4066**
                                           Bruce K. Warren, Esq.

                                  BY:   **/s/Brent F. Vullings BFV8435**
                                           Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff